IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GORMIDOU Y. LAVELA,

                Plaintiff,

v.                                                                                                  ORDER

RODNEY TAPP, VALICIA GILBERT, SHIRLEY                   24-cv-350-jdp
SEVERSON, MARK KLEIN, and JANE/JOHN DOE,

                Defendants.

---

    Gormidou Y. Lavela, proceeding without counsel, brought an action in Chippewa County Circuit Court under the Fair Housing Act, Wisconsin Open Housing Act (WOHA), and other provisions of federal and state law. Dkt. 4. Defendants, a property management company and its employees, removed the action to this court based on federal-question jurisdiction and supplemental jurisdiction. Dkt. 1 at 2. Lavela moves to remand the action to state court. Dkt. 5. I will deny the motion.

    Lavela contends that removal was improper because the state circuit court has concurrent jurisdiction over his FHA claims. But that fact doesn't defeat defendants' right to remove the case to this court. *Cf. Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 408 (7th Cir. 1989) (1990) (noting that a Title VII action may be removed to federal court); *Hirschbiel v. Johnson*, 118 F. Supp. 2d 903, 905 (N.D. Ind. 2000) (same). Unless a congressional act expressly provides otherwise, a civil action in state court over which federal district courts have original jurisdiction may be removed to the federal district court that encompasses the court where the action is pending. 28 U.S.C. § 1441(a). Lavela hasn't identified a congressional act that expressly prohibits removal of an FHA action to federal court, and I don't know of any.

I will exercise jurisdiction over the supplemental state-law claims in the interest of judicial economy. *See Hirschbiel,* 118 F. Supp. 2d at 905. There is considerable overlap between Lavela's federal and state claims.

Lavela contends that defendants' notice of removal is defective because they served it on him more than 30 days after he served his complaint and summons on them. Dkt. 5 at 4. That's not how the removal statute works. As relevant here, defendants had to file the notice of removal within 30 days after they were served with the complaint and summons. *See* 28 U.S.C. § 1446(b)(1). Defendants were served on April 26, 2024, so they had until May 28, 2024, to file a notice of removal in this court. *See id.*; Fed. R. Civ. P. 6(a)(2) (providing that weekends and legal holidays extend the time period in federal statutes). Defendants filed their notice of removal on May 24, 2024, so it is timely.

Lavela contends that he can revise his complaint to bring a claim under only the WOHA. Lavela's ability to draft a complaint bringing only state-law claims doesn't mean that defendants' improperly removed the operative complaint, which raises both federal and state claims. But Lavela is free to voluntarily dismiss this action and bring a new action in state court limited to state-law causes of action.

Lavela's other arguments don't warrant remand because they are unrelated to the propriety of removal.

ORDER

IT IS ORDERED that:

1. Plaintiff Gormidou Y. Lavela's motion to remand, Dkt. 5, is DENIED.

2. The clerk is directed to send plaintiff a copy of this order.

Entered June 5, 2024.

                                                    BY THE COURT:

                                                    /s/

                                                  _____
                                                JAMES D. PETERSON
                                                District Judge