IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GORMIDOU Y. LAVELA,

                      Plaintiff,

  v.

RODNEY TAPP, VALICIA GILBERT, SHIRLEY
SEVERSON, MARK KLEIN, and JANE/JOHN DOE
d/b/a MERIDIAN GROUP, INC.,

                      Defendants.

OPINION and ORDER

24-cv-350-jdp

---

      Plaintiff Gormidou Y. Lavela moves for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A). I will treat the motion as a notice of voluntary dismissal and grant it, but I will dismiss the case on the merits under Rule 41(a)(1)(B) because Lavela has previously voluntarily dismissed a federal action against the same defendants based on the same facts.

BACKGROUND

      Lavela lives at the Romeis Apartments in Chippewa Falls, Wisconsin, and is its only black resident. Defendant Meridian Group, Inc. is a property management company that manages Romeis. Previously, Lavela brought an action in this court raising claims under the Fair Housing Act (FHA) and other provisions of federal and state law. Case No. 23-cv-482-jdp. Lavela alleged, among other deprivations, that Meridian Group employees ignored his complaints about race-based mistreatment by two white residents, Aaron M. Peloquin and Randell D. Peterson. I allowed Lavela to proceed in part. Dkt. 8 in the '482 case. Lavela

ultimately moved for voluntary dismissal without prejudice under Rule 41(a)(1)(A), and I granted the motion. Dkt. 41 and Dkt. 42 in the '482 case.

Lavela then brought a similar action in Chippewa County Circuit Court raising claims under the FHA, Wisconsin Open Housing Act (WOHA), and other provisions of state and federal law. *See* Dkt. 4. Defendants, all of whom were defendants in the '482 case, removed that action to this court.

Lavela moved to remand. Dkt. 5. I denied that motion because Lavela brought federal causes of action, and I exercised supplemental jurisdiction over the state-law claims. Dkt. 12. I rejected Lavela's argument that removal was improper because he could revise his complaint to bring claims under only the WOHA. *Id.* at 2. I added that Lavela was "free to voluntarily dismiss this action and bring a new action in state court limited to state-law causes of action." *Id.*

Defendants filed a letter, which the clerk docketed as a motion, stating that they had received Lavela's motion for voluntary dismissal and were requesting dismissal on the merits under Rule 41(a)(1)(B). Dkt. 13. That day, the clerk docketed Lavela's motion for voluntary dismissal without prejudice under Rule 41(a)(1)(A). Lavela then filed a letter responding to defendants' letter. Dkt. 15. Lavela acknowledged that Rule 41(a)(1)(B) requires dismissal of his claims on the merits, but he contended that an adjudication on the merits under that rule wouldn't stop him from pursuing his state-law claims in state court. *See id.* (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001)).

Defendants filed a letter, which the clerk docketed as a motion, containing several requests. Dkt. 16. As relevant here, the court denied defendants' request to deny plaintiff's request to reconsider the court's order denying his motion to remand, reasoning that plaintiff

2

hadn't made that request. Dkt. 17. The court denied defendants' renewed request to dismiss this case on the merits under Rule 41(a)(1)(B) as repetitive. *Id.*

In response, Lavela filed a letter, which the clerk docketed as a motion, containing two requests. Dkt. 19. First, Lavela asks me to grant his motion for voluntary dismissal and dismiss the case without prejudice. Lavela argues that it would be unfair if I dismissed this case with prejudice to his refiling his claims in state court because, in my order denying his motion for remand, I wrote that was free to voluntarily dismiss this action and bring a new action in state court. Lavela also contends that the court's order extending defendants' time to respond to the complaint was erroneous.

ANALYSIS

Rule 41(a)(1) provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). But Rule 41(a)(1) goes on to provide that, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Claims are the "same" under Rule 41(a)(1)(B) if they are based on the same, or materially the same, events as the first lawsuit. *See Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010); *Jian Yang Lin v. Shanghai City Corp.*, 950 F.3d 46, 50 (2d Cir. 2020); *Melamed v. Blue Cross of Cal.*, 557 F. App'x 659, 661–62 (9th Cir. 2014).

Lavela's claims in this case are based on materially the same allegations as his claims in the '482 case. *See* Dkt. 4. In this case, Lavela repeats his allegations that Peloquin and Peterson are mistreating him based on his race and that defendants refused or failed to investigate his

3

claims of mistreatment. Lavela also repeats his allegations that defendant Mark Klein, the property manager at Romeis, retaliated against him by asking the police to charge him with a crime because of his complaints, and defamed him by falsely telling the police that he's a problematic tenant. Lavela again faults Meridian Group for hiring Klein, partly because he failed to properly screen Peloquin despite his criminal history. There are other materially identical allegations in this case and the '482 case, such as defendants' failure to enforce policies governing the removal of dog waste and flammable liquids.

The causes of action in this case and the '482 case are highly similar. In both cases, Lavela brings claims under the FHA, as well as under state law for defamation, negligent hiring, and breach of contract. Lavela alleges some new causes of action in this case, including his WOHA claims. But Lavela's new claims have "considerable overlap" with his FHA claims. *See* Dkt. 12 at 2. In any case, the new claims "could have been raised" in the '482 case, so they don't defeat the application of Rule 41(a)(1)(B). *See Jian Yang*, 950 F.3d at 50.

The defendants in both cases are highly similar too. Each defendant in this case was a defendant in the '482 case. In this case Lavela sues Doe defendants d/b/a Meridian Group instead of just Meridian Group, but that difference is immaterial. *See Shaver v. Barrett Daffin Frappier Turner & Engel, LLP*, 593 F. App'x 265, 275 (5th Cir. 2014) (the "same claim" rule applied to a corporate successor not named as a defendant in the first suit); *Kerr Corp. v. Westside Res., Inc.*, No. 07-cv-177-bbc, 2007 WL 5613512, at *3 (W.D. Wis. Sept. 27, 2007) ("[T]o the extent that a claim may not be the same if it is asserted against a different defendant, such a rule would not apply when the defendants are substantially the same, or in privity."). Unlike the '482 case, Lavela didn't sue any firefighters in this case, but he could have taken

4

that step if he wanted to: Lavela alleges that he reported his concerns about fire hazards to the fire department.

The record refutes Lavela's contention that a statement in my order to remand misled him into voluntarily dismissing this case. Lavela contends that I entered that order on June 5, 2024, and that, in response to the statement at issue, he filed a related complaint in state court on June 6, 2024. To be clear, my order denying the motion to remand wasn't entered until June 6, 2024. Dkt. 12. Lavela could not have, as he alleges, received notice of that order before June 6, and he likely didn't receive a copy of it for a few days after that when mailing time is considered. But Lavela prepared his motion for voluntary dismissal on June 4, 2024. *See* Dkt. 14 at 4; Dkt. 14-1. In fact, Lavela indicated in his brief in support of his motion to remand that he was contemplating returning to state court, and he filed that motion in May. *See* Dkt. 8 at 5–6; Dkt. 8-1. I did not mislead Lavela into voluntarily dismissing this case.

In sum, I will treat Lavela's motion for voluntary dismissal as a notice of dismissal and dismiss this case on the merits. This decision means that Lavela cannot refile this case in federal court. I express no opinion on whether Lavela's state-law claims will be subject to a procedural bar if he refiles them in state court even though I stated earlier that he was free to bring a new action in state court limited to state-law causes of action. Even if that turns out to be true, I did not cause that result.

I will deny defendants' motion to dismiss this case on the merits under Rule 41(a)(1)(B) as moot. *See Edwards-Brown v. Crete-Monee, 201-U Sch. Dist.*, 491 F. App'x 744, 745–46 (7th Cir. 2012) (a motion to voluntarily dismiss a complaint pursuant to Rule 41(a)(1) is, despite its title, a self-executing notice of voluntary dismissal). I will deny Lavela's motion for the court

5

to dismiss this case without prejudice, and I will deny as moot Lavela's request to reconsider my order extending the time for defendants to respond to the complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Gormidou Y. Lavela's motion for voluntary dismissal, Dkt. 14, is treated as a notice of dismissal and GRANTED, with the result that this case is dismissed on the merits under Rule 41(a)(1)(B).

2. Defendants' motion for the court to dismiss this case on the merits under Rule 41(a)(1)(B), Dkt. 13, is DENIED as moot.

3. Plaintiff's motion for the court to dismiss this case without prejudice and reconsider its order extending the time to respond to the complaint, Dkt. 19, is DENIED in part and DENIED as moot in part.

4. The clerk is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered August 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge